IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN WILLIS

     Plaintiff,

v.

HELPING HANDS COMMUNITY
BASED SERVICES and
SHAWN HOBSON,

     Defendants.

CIVIL ACTION NO.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stephen Willis, by and through his undersigned counsel, hereby files this Complaint against Defendants Helping Hands Community Based Services, Inc. ("Helping Hands") and Shawn Hobson ("Hobson")(collectively "Defendants").

## INTRODUCTION

1.    Pursuant to the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 *et seq.* and Georgia state law, Plaintiff brings this action (1) to recover unpaid minimum and overtime wages from Defendants under the FLSA; (2) to recover payments contractually owed to Plaintiff by Defendant Helping Hands, or, in the alternative, to recover on the theory of unjust

1

enrichment; and (3) to recover attorney's fees and costs under the FLSA and/or state law.

## JURISDICTION AND VENUE

2.      Jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff invokes the Court's supplemental jurisdiction over his state law claims, which arise out of the same nucleus of operative facts as his federal claims.

3.      Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District and Division.

4.      Plaintiff is a former, nonexempt "employee" of Defendants under the FLSA.

5.      Defendant Helping Hands qualifies as an "employer" within the meaning of 29 U.S.C. § 203(d).

6.      Defendant Hobson qualifies as an "employer" within the meaning of 29 U.S.C. § 203(d).

7.     On information and belief, Defendant Helping Hands had an annual gross volume of sales made, or business done, in excess of $500,000.00 per annum in 2013.

## PARTIES

8.     Plaintiff is a citizen of Georgia who resides in DeKalb County, Georgia.

9.     Defendant Helping Hands is a Georgia corporation with its principal office located at 5524 Old National Highway, Suite B, College Park, GA 30324.

10.     Defendant Hobson is Chief Executive Officer of Defendant Helping Hands.

11.     Defendant Helping Hands may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Defendant Hobson.

## INDIVIDUAL DEFENDANT HOBSON
## IS AN EMPLOYER UNDER THE FLSA

12.     At all times relevant, Defendant Hobson qualified as an "employer" under 29 U.S.C. § 203(d).

13.     On information and belief, Defendant Hobson held, and continues to hold, an ownership interest in Defendant Helping Hands.

14.     Defendant Hobson acted directly and indirectly in the interest of Defendant Helping Hands in relation to Plaintiff.

3

15.    At all times relevant, Defendant Hobson exercised day-to-day control over the affairs of Defendant Helping Hands.

16.    Defendant Hobson approved promotions and raises for employees of Defendant Helping Hands.

17.    Defendant Hobson had, and continues to have, authority to hire and fire employees of Defendant Helping Hands.

18.    At all times relevant, Defendant Hobson was one of Plaintiff's direct supervisors.

19.    Defendant Hobson directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant Helping Hands.

20.    Throughout Plaintiff's employment, Defendant Hobson assigned work tasks to Plaintiff.

21.    Defendant Hobson played a substantial role in determining Plaintiff's work schedule.

22.    Defendant Hobson had the power to make binding policy decisions for Defendant Helping Hands.

## FACTS SUPPORTING PLAINTIFF'S CLAIMS

23.    Plaintiff worked for Defendants as a social worker from February 8, 2013 through August 8, 2013.

4

24.     In his capacity as a social worker, Willis counseled patients with mental health and substance abuse issues, developed treatment plans, and led therapy sessions.

25.     Defendant Helping Hands is a business that offers behavioral health services.

26.     Defendant Helping Hands offered to pay Plaintiff at an hourly rate of $30 per hour.

27.     Despite agreeing to pay Plaintiff $30 per hour for 40 hours of work per week, it failed to do so.

28.     For example, Defendants entirely failed to compensate Plaintiff for the work he performed on May 21, 2013, through May 31, 2013.

29.     During the month of July, for instance, Defendants paid Plaintiff $6.21 for the work he performed.

30.     For example, Defendants did not pay Plaintiff any compensation for the work he performed on August 1, 2013 through August 8, 2013.

31.     In most, if not all, workweeks, Plaintiff worked more than 40 hours per week.

32.     Defendant Helping Hands' express policy was to not pay overtime wages or compensation, even in those instances that an employee worked overtime hours.

33.     Defendants at no time whatsoever paid Plaintiff overtime wages or compensation.

## COUNT I: FAILURE TO PAY OVERTIME WAGES

### *AGAINST  BOTH DEFENDANTS*

34.     Plaintiff was a non-exempt, hourly employee of Defendants within the meaning of the FLSA.

35.     Defendants regularly failed to pay Plaintiff at the required overtime rate for his overtime hours.

36.     Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendants failed to pay Plaintiff any overtime wages for hours worked in excess of forty (40) per week and Defendants lacked any basis for determining that Plaintiff was exempt from FLSA's overtime requirement.

37.     Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiff for his unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

38.     Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the FLSA.

## COUNT II: FAILURE TO PAY THE MINIMUM WAGE

### *AGAINST  BOTH DEFENDANTS*

39.     Plaintiff performed work for Defendants for which he received little or no compensation at all.

40.     In portions of various payperiods, Defendants failed to pay Plaintiff at a rate not less than $7.25 per hour for the work he performed for Defendants.

41.     Defendants' violations of the FLSA's minimum wage provision, 29 U.S.C. § 206, were willful because Defendants  failed to pay Plaintiff the minimum wage during certain pay periods and sometimes paid him no wages at all.

42.     Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiff for his months of unpaid minimum wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

43.     Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the FLSA.

## COUNT III: BREACH OF CONTRACT

### *AGAINST DEFENDANT HELPING HANDS*

7

44.    Defendant Helping Hands entered into a contractual relationship with Plaintiff on February 8, 2013 when it offered to hire him to perform work in exchange for agreed-upon compensation.

45.    Plaintiff agreed to perform work as a social worker for Defendants in exchange for $30 per hour.

46.    Defendant Helping Hands' failure to pay Plaintiff his agreed-upon compensation was a breach of contract.

47.    Defendant Helping Hands is liable to Plaintiff for his unpaid compensation.

## COUNT IV: UNJUST ENRICHMENT / QUANTUM MERUIT

### (IN THE ALTERNATIVE WITH COUNT III *SUPRA*)

### *AGAINST DEFENDANT HELPING HANDS*

48.    Upon various occasions, Plaintiff performed work for Defendant Helping Hands but received no compensation for this work.

49.     On these occasions, Plaintiff rendered a service to Defendant Helping Hands, which Defendant Helping Hands accepted and which was of value to Defendant Helping Hands.

50.     In the alternative with Count Three, supra, Defendant Helping Hands was legally obligated to pay Plaintiff for his uncompensated work and is therefore liable to Plaintiff for unpaid compensation, interest, and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that:

a.  As to Counts I and II, the Court enter judgment in favor of Plaintiff against Defendants Helping Hands and Shawn Hobson;

b.  As to Counts III – IV, the Court enter judgment in favor of Plaintiff against Defendant Helping Hands;

c.  The Court award Plaintiff his unpaid overtime and minimum wages;

d.  The Court award Plaintiff liquidated damages in an amount equal to the amount of his unpaid overtime and minimum wages;

e.  The Court award Plaintiff the wages that Defendant Helping Hands was contractually obligated to pay him—or, in the alternative, an award equal to the reasonable value of the services he provided to Defendant Helping Hands but for which he did not receive compensation;

9

f.  The Court award Plaintiff his reasonable attorney's fees and costs;

g.  The Court determine all triable issues at trial; and

h.  The Court award all other relief as the Court deems just and proper, included

any and all equitable relief.

**RESPECTFULLY SUBMITTED**:   February       05, 2014

**MAYS & KERR LLC**                              /s/ Morgan Thomas
235 Peachtree Street                             Morgan Thomas
North Tower | Suite 202                          Ga. Bar No. 542088
Atlanta, GA 30303                                morgan@maysandkerr.com
Telephone:  (404) 410-7998
Facsimile:   (877) 813-1845

Counsel for Plaintiff

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

**THIS** 31st day of January, 2014

**MAYS & KERR LLC**  /s/ Morgan Thomas
235 Peachtree Street  Morgan Thomas
North Tower | Suite 202  Ga. Bar No. 542088
Atlanta, GA 30303  morgan@maysandkerr.com
Telephone:  (404) 410-7998
Facsimile:   (877) 813-1845

Counsel for Plaintiff